# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| HARRY D. KITCHEN, | ) | C/A No. 2:14-CV-569-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOSEPH P. RILEY, JR., MAYOR OF | ) | |
| CHARLESTON, S.C.; H. M. KING, | ) | |
| SGT. CHARLESTON, S.C. POLICE | ) | |
| DEPARTMENT; SIMONE DOUGLAS, | ) | |
| OFC. CHARLESTON, S.C. POLICE | ) | |
| DEPARTMENT; (FNU) ALTINE, SGT. | ) | |
| CHARLESTON, S.C. POLICE | ) | |
| DEPARTMENT; ALEISA RICO | ) | |
| FLORES, JUDGE OF THE LIVABILITY | ) | |
| COURT OF CHARLESTON, S.C. 29401; | ) | REPORT AND RECOMMENDATION |
| SGT. GEORGE HILDEBIDLE, | ) | OF THE MAGISTRATE JUDGE |
| CHARLESTON POLICE | ) | |
| DEPARTMENT; OFFICER SANDRA | ) | |
| PROUDE, CHARLESTON POLICE | ) | |
| DEPARTMENT; TIM STRICKLAND, | ) | |
| OWNER, MARKET ST., SWEETS, 100 N. | ) | |
| MARKET ST., CHARLESTON, S.C. | ) | |
| 29401; DAVID CORNEY, GEN. MGR., | ) | |
| MARKET ST. SWEETS, 100 N. | ) | |
| MARKET ST., CHARLESTON, S.C. | ) | |
| 29401; AND, ELIZABETH DIETRICH, | ) | |
| 94 N. MARKET ST., CHARLESTON, | ) | |
| S.C. 29401, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

The Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 alleging violations of due process and his First and Fourteenth Amendment rights. (Dkt. No. 69.) Presently before the court are the following motions:

1

1. Defendants Tim Strickland and David Corney's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 76);

2. Defendant Dietrich's Motion to Dismiss.  (Dkt. No. 79.)

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.  An order staying this case pursuant to Younger v. Harris, 401 U.S. 37, 41 (1971), as to all Defendants except Defendants Strickland, Corney, and Dietrich is filed concurrently with this Report and Recommendation.  A stay is not appropriate for Defendants Strickland, Corney, and Dietrich because the action for declaratory relief to declare the City of Charleston Ordinance 21-16 unconstitutional cannot stand against these Defendants.  They are private actors and the Plaintiff has failed to allege any cause of action against them.  Therefore, this court recommends Defendants Tim Strickland and David Corney's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 76) and Defendant Dietrich's Motion to Dismiss (Dkt. No. 79) be granted.

## FACTS AND PROCEDURAL HISTORY

The Plaintiff filed the Complaint in the Court of Common Pleas in Charleston County on January 31, 2014. (Dkt. No. 1-1.)  The Defendants removed the case to federal court on the basis of federal question jurisdiction on February 28, 2014.  (Dkt. No. 1.)  On March 24, 2014, the Plaintiff filed an Amended Complaint.  (Dkt. No. 26.)  On September 24, 2014, The Plaintiff filed the Second Amended Complaint, which is the subject of the motions in this Report and Recommendation.  (Dkt. No. 69.)  On October 8, 2014, Defendants Strickland and Corney filed a motion to dismiss under Rule 12(b)(6) FED. R. CIV. P. (Dkt. No. 76.)  The following day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the

motion. (Dkt. No. 77.) On October 9, 2014, *pro se* Defendant Dietrich filed a letter with the court. (Dkt. No. 79.) After the court reviewed Defendant Dietrich's letter, an order was issued on June 8, 2015 finding that the letter was "a Motion to Dismiss under FED. R. CIV. P. 12(b)(6) and…an answer denying all claims under FED. R. CIV. P. 8." (Dkt. No. 95.) The same day a copy of the Order and, a second order, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to Defendant Dietrich's Motion to Dismiss were mailed to the Plaintiff. (Dkt. No. 96.) The Plaintiff responded to Defendants Strickland and Corney's Motion to Dismiss Plaintiff's Second Amended Complaint on November 7, 2014. (Dkt. No. 80.) The Plaintiff did not respond to Defendant Dietrich's Motion to Dismiss. Any response to the motion was due July 13, 2015. (Dkt. No. 96.)

The Plaintiff's Second Amended Complaint is divided into subsections headlined by each individual defendant followed by the Plaintiff's allegations against each defendant. (Dkt. No. 69.) The Plaintiff alleges Defendant Riley oversees the operations of the Charleston Police Department ("CPD") and has ordered them to remove the Plaintiff from the area around Market Street. (Dkt. No. 69 at 3.) The Plaintiff alleges that Defendant Riley is the "chief policymaker" for the city of Charleston and is subject to liability based on a theory of *Respondeat Superior*. (Id. at 4.) The Plaintiff additionally alleges City of Charleston Ordinance 21-16 is unconstitutionally vague. (Id.)

The Plaintiff alleges Defendant Dietrich made false complaints against him causing him to be harassed and threatened by CPD. (Dkt. No. 69 at 5.) The Plaintiff states that Defendant Dietrich went to "various employees and business owners" and "enlisted them in a conspiracy to

have plaintiff unlawfully removed and barred from the Market St. Dist." (Id.) The Plaintiff argues in his Complaint that Defendant Dietrich did these actions "under 'color of law.'" (Id.)

The Plaintiff alleges Defendant Corney was the general manager of Market Street Sweets and was "recruited by Defendant Dietrich to join in the conspiracy." (Dkt. No. 69 at 5.) The Plaintiff states that Defendant Corney called the CPD to report him several times at least once at the direction of Defendant Strickland. (Dkt. No. 69 at 6.) Defendant Strickland called CPD himself as well and wanted the Plaintiff removed from the area. (Id.) According to the Plaintiff, Defendant Strickland was part of the "conspiracy" and did these actions "under 'color of Law [sic].'" (Id.)

The Plaintiff alleges on December 12, 2013, Defendant Ofc. Simone Douglas responded to a call from Defendant Corney at Market Street Sweets regarding the Plaintiff playing his music too loud. (Dkt. No. 69 at 7.) Defendant Douglas told the Plaintiff to turn off his music and leave the area or she would give him a ticket. (Id.) The Plaintiff refused and asked to speak to her supervisor. Defendant Douglas then returned to her cruiser to call her supervisor and the Plaintiff turned off his music. He was then written citation #U76121 for violation of City of Charleston Ordinance 21-16. (Id.) The Plaintiff alleges on December 30, 2013, a hearing was held in the livability court regarding his ticket. He alleges that Defendant Douglas committed perjury at the hearing by testifying he was playing his music too loud and he refused to turn it off. (Id.)

The Plaintiff alleges that during his encounter with Defendant Douglas on December 12, 2013, Defendant Sgt. H.M. King of CPD approached him. (Dkt. No. 69 at 8.) Defendand King told him that several business owners wanted him to leave the market area. The Plaintiff refused to leave. (Id.) Defendant King then went to Defendant Douglas and returned handing the

Plaintiff the citation. Defendant King was present at the December 30, 2013 hearing and "heard Defendant Douglas commit perjury" but did nothing. (Id.)

The December 30, 2013 hearing in livability court was held if front of Defendant Judge Alesia Rico Flores. The Plaintiff alleges he filed a motion arguing the ordinance and charging document were unconstitutional. (Dkt. No. 69 at 9.) The Plaintiff requested his case be transferred to another court. Defendant Flores asked Defendant Douglas if the Plaintiff's music was too loud, and she said it was. (Id.) Defendant Flores then asked Defendant Douglas if the Plaintiff turned off the music, and she said he did not. (Id.) Defendant Judge Flores denied the Defendant's motions and set the case for a jury trial. (Id.)

After the issuance of his citation on December 12, 2013, the Plaintiff alleges he was approached by Defendant Sgt. (FNU) Altine. (Dkt. No. 69 at 11.) Defendant Altine told him the Charleston City Council had rescinded the panhandling ordinance and replaced it with an ordinance designed to remove the Plaintiff from the area. Defendant Altine advised the Plaintiff that if he was seen taking money from anyone, he would be cited under the new ordinance. (Id.) The Plaintiff notes that he is African American. (Id.)

After the Plaintiff filed this lawsuit, he was approached by Defendant Ofc. Sandra Proude to address a complaint that his music was too loud. (Dkt. No. 69 at 12.) The Plaintiff disagreed with her request to turn down his music and requested she call her supervisor. She did so, and Defendant Sgt. George Hildebidle responded to the scene. (Id.) Defendant Hildebidle read the Plaintiff City of Charleston Ordinance 21-16 and told the Plaintiff to turn his music off or he would be cited. (Id.) The Plaintiff alleges that he informed Defendants Proude and Hildebidle they were violating his rights, but he chose to turn his music off to avoid getting arrested. (Id.) The Plaintiff alleges Defendant Hildebidle had knowledge of the Plaintiff's challenge to

Charleston Ordinance 21-16, and he did not have a decibel meter. (Id.) Additionally, the Plaintiff alleges Defendant Hildebidle had information to "clear" the Plaintiff of his charge, but instead "joined the conspiracy." (Id. at 13.)

## STANDARD OF REVIEW

The Defendants' Motions are made pursuant to FED. R. CIV. P. 12(b)(6). On a 12(b)(6) motion, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to raise a right to relief above the speculative level.'" Andrew v. Clark, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)). For purposes of a motion to dismiss, the district court must "take all of the factual allegations in the complaint as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, while the court must draw all reasonable inferences in favor of the plaintiff, it need not accept the "legal conclusions drawn from the facts, . . .unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999); Giarratano, 521 F.3d 298).

## ANALYSIS

1. **Plaintiff's 42 U.S.C. § 1983 Claims**

6

In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege (1) that he or she "has been deprived of a right, privilege or immunity secured by the Constitution or laws of the United States," and (2) "that the conduct complained of was committed by a person acting under color of state law." Dowe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983); see also Gomez v. Toledo, 446 U.S. 635, 540 (1983); Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

The "under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). "The person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999). "[P]rivate activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action: 'Mere approval of or acquiescence in the initiatives of a private party' is insufficient." Id. at 507 (quoting Blum, 457 U.S. at 1004).

The Plaintiff has failed to allege that Defendants Strickland, Corney, and Dietrich were acting under color of state law. It is undisputed that these three Defendants are private actors and not agents of the government. While the Plaintiff alleges that these Defendants acted under the "color of law" in his Second Amended Complaint, merely making a conclusory statement does not satisfy the requirements of Nemet Chevrolet to overcome the Defendants' motions to dismiss. Nemet Chevrolet, Ltd., 591 F.3d at 253. The Plaintiff does not allege any facts that show any of these Defendants' actions were "so dominated" by state activity to convert the actions to state actions. DeBauche 191 F.3d at 507. The only alleged actions of these Defendants

are that they spoke with each other about the Defendant and called the police about him.  These allegations do not show they were acting under color of law.  See  Benavidez v. Gunnell, 722 F.2d 615, 618 (10th Cir.1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983...."); Bailey v. Harleysville Nat'l Bank & Trust, 188 F. App'x 66, 68 (3d Cir.2006) (explaining that a private actor does not engage in state action by calling the police to report an individual's threatening behavior); Moore v. Marketplace Rest., Inc., 754 F.2d 1336, 1352-53 (7th Cir.1985) (private entity who simply reported customers to police not state actor).  In his response to Defendants Strickland and Corney's motion, the Plaintiff again repeats his conclusory statement that these Defendants were "acting in conjunction with state officials to deny rights under color of law."  (Dkt. No. 80.)  Again the Plaintiff provides no facts to support his claims.

### 2. Plaintiff's 42 U.S.C. § 1985 Claims

The Plaintiff asserts a claim against Defendants Corney, Strickland and Dietrich under 42 U.S.C. § 1985.  The only possible subsection of § 1985 applicable to the case at bar involving these defendants is subsection (3).  The Fourth Circuit has put forth a "relatively stringent standard for establishing section 1985 conspiracies." Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995).  To state a claim under § 1985(3), a Plaintiff must allege,

> (1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

Id. at 1376 (citations omitted).  Additionally, the Plaintiff "must show an agreement or a 'meeting of the minds' by defendants to violate the claimant's constitutional rights." Id. at 1377.

The Second Amended Complaint fails to state a claim under § 1985(3) against Defendants Corney, Strickland, and Dietrich. The Plaintiff alleges that the "conspiracy" started with Defendant Dietrich who would contact the police and make false complaints against him for panhandling and harassing the public. (Dkt. No. 69 at 5.) This resulted in the Plaintiff receiving citations. (Id.) The Plaintiff alleges the Defendant Dietrich then enlisted the help of Defendant Corney to contact the police and make false complaints. (Id.) Defendant Corney then enlisted Defendant Strickland to make false complaints to the police as well. (Id. 5-6.) The Plaintiff alleges Defendant Strickland told Defendant Corney to call the police on the Plaintiff and report his "presence and activities." (Id. at 6.) The Plaintiff has failed to allege that any of these three Defendants "are motivated by a specific class-based, invidiously discriminatory animus." The Plaintiff never alleges that these Defendants were motivated by race, age, gender, or any other protected class. The Plaintiff alleges the false complaints against him were for panhandling, harassing the public, singing, and playing music. Participating in these activities does not create a protected class.[1]

### 3. Plaintiff's Remaining Claims

The Plaintiff alleges that Defendants Corney, Strickland, and Dietrich are liable because they violated two criminal statutes, 18 U.SC. §§ 241, 242. Neither of these statutes allow for a

---

[1] The very purpose of § 1985(3) is to impose liability on individuals who conspire to deprive a person of his equal protection rights. See Harrison v. KVAT Food Mgmt., Inc., 766 F.2d 155, 157 (4th Cir. 1985) (holding that § 1985(3)'s "roots are the Civil Rights Act of 1871, Ch. 22, § 2, 17 Stat. 13, known as the Ku Klux Klan Act," which was passed to protect "blacks and their supporters in the postwar South"). Courts have not expanded the classes protected under §1985(3) beyond those traditionally thought of under the Equal Protection Clause of the Fourteenth Amendment. See Weaver v. Torres, No. WMN-00-1126, 2000 WL 1721344, at *2 (D. Md. Nov. 17, 2000). Courts have declined to expand the liability imposed under §1985(3) to handicapped persons, tenant organizers, bankrupts, females that are faculty members, Ku Klux Klan members, and Republicans. (Id.)

civil cause of action.  The Plaintiff acknowledged the two statutes he cited are "punishable by fine and imprisonment and or both."  (Dkt. No. 69 at 13.)   "Absent clear indication from Congress, courts should not infer a civil cause of action from a criminal statute."  <u>Jones v. Capital One Fin. Corp.</u>, No. 04-CV-00512, 2004 WL 3398212, at *2 (E.D. Va. Oct. 27, 2004) <u>aff'd,</u> 123 F. App'x 119 (4th Cir. 2005) (citing  <u>California v. Sierra Club</u>, 451 U.S. 287, 297 (1981)).

The Plaintiff's only remaining claim is under 42 U.S.C. § 1988.  This section does not create an independent cause of action, but rather allows for a plaintiff to seek attorney's fees for an action under §§ 1983 and 1985.  Therefore there is no cause of action under the statute.

## CONCLUSION

This court finds that the Plaintiff has not alleged any cause of action against Defendants Corney, Strickland, or Dietrich, and this court **RECOMMENDS** Defendants Tim Strickland and David Corney's Motion to Dismiss Plaintiff's Second Amended Complaint (Dkt. No. 76) and Defendant Dietrich's Motion to Dismiss (Dkt. No. 79) be **GRANTED**.

**IT IS SO RECOMMENDED.**

June 29, 2015

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).