# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| HARRY D. KITCHEN, ) | C/A No. 2:14-CV-569-RMG-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOSEPH P. RILEY, JR., MAYOR OF ) | |
| CHARLESTON, S.C.; H. M. KING, ) | |
| SGT. CHARLESTON, S.C. POLICE ) | |
| DEPARTMENT; SIMONE DOUGLAS, ) | |
| OFC. CHARLESTON, S.C. POLICE ) | |
| DEPARTMENT; (FNU) ALTINE, SGT. ) | |
| CHARLESTON, S.C. POLICE ) | |
| DEPARTMENT; ALEISA RICO ) | |
| FLORES, JUDGE OF THE LIVABILITY ) | |
| COURT OF CHARLESTON, S.C. 29401; ) | REPORT AND RECOMMENDATION |
| SGT. GEORGE HILDEBIDLE, ) | OF THE MAGISTRATE JUDGE |
| CHARLESTON POLICE ) | |
| DEPARTMENT; OFFICER SANDRA ) | |
| PROUDE, CHARLESTON POLICE ) | |
| DEPARTMENT; TIM STRICKLAND, ) | |
| OWNER, MARKET ST., SWEETS, 100 N. ) | |
| MARKET ST., CHARLESTON, S.C. ) | |
| 29401; DAVID CORNEY, GEN. MGR., ) | |
| MARKET ST. SWEETS, 100 N. ) | |
| MARKET ST., CHARLESTON, S.C. ) | |
| 29401; AND, ELIZABETH DIETRICH, ) | |
| 94 N. MARKET ST., CHARLESTON, ) | |
| S.C. 29401, ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

The Plaintiff, who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 alleging violations of due process and his First and Fourteenth Amendment rights. (Dkt. No. 69.) The Plaintiff's claims relate to his interactions with members of the Charleston Police Department in the Market area of downtown Charleston in December of 2013.

1

Presently before the court is the Defendants' Amended Motion to Dismiss Plaintiff's Second Amneded Complaint. (Dkt. No. 121.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. For the reasons stated herein, this court recommends that the Plaintiff's claims be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

The Plaintiff filed the Complaint in the Court of Common Pleas in Charleston County on January 31, 2014. (Dkt. No. 1-1.) The Defendants removed the case to federal court on the basis of federal question jurisdiction on February 28, 2014. (Dkt. No. 1.) On March 6, 2014, then-Magistrate Judge Hendricks issued an Order which included the following:

> Plaintiff is a pro se litigant. His attention is directed to the following important notice and to the procedural directions that follow:
>
> You are ordered to always keep the Clerk of Court advised in writing (**Post Office Box 835, Charleston, South Carolina 29402**) if your address changes for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you. If, as a result of your failure to comply with this Order, you fail to file something that you are required to file within a deadline set by a United States District Judge or a United States Magistrate Judge, your case may be dismissed for violating this Order. Therefore, if you have a change of address before this case is ended, you must comply with this Order by immediately advising the Clerk of Court in writing of such change of address. Your failure to do so will not be excused by the Court.
>
> Plaintiff is, hereby, informed that, if his address changes in the future, he must provide his own, personal new address. Hence, the Clerk of Court shall not enter any change of address submitted by Plaintiff which directs that mail be sent to a person other than Plaintiff (unless, of course, that person is an attorney admitted to practice before this Court who has entered a formal appearance).

(Dkt. No. 12) (emphasis in original).

On March 24, 2014, the Plaintiff filed an Amended Complaint. (Dkt. No. 26.) On September 24, 2014, the Plaintiff filed the Second Amended Complaint, which is the subject of

the motions in this Report and Recommendation. (Dkt. No. 69.) On October 8, 2014, Defendants Strickland and Corney filed a motion to dismiss under Rule 12(b)(6) FED. R. CIV. P. (Dkt. No. 76.) The following day, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 77.) On October 9, 2014, *pro se* Defendant Dietrich filed a letter with the court. (Dkt. No. 79.) After the court reviewed Defendant Dietrich's letter, an order was issued on June 8, 2015 finding that the letter was "a Motion to Dismiss under FED. R. CIV. P. 12(b)(6) and…an answer denying all claims under FED. R. CIV. P. 8." (Dkt. No. 95.) The same day a copy of the Order and, a second order, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising the Plaintiff of the dismissal procedure and the possible consequences if he failed to adequately respond to Defendant Dietrich's Motion to Dismiss were mailed to the Plaintiff. (Dkt. No. 96.) The Plaintiff responded to Defendants Strickland and Corney's Motion to Dismiss Plaintiff's Second Amended Complaint on November 7, 2014. (Dkt. No. 80.) The Plaintiff did not respond to Defendant Dietrich's Motion to Dismiss.

This court issued a Report and Recommendation on July 27, 2015, recommending that Defendants Corney, Strickland, and Dietrich be dismissed from the case. (Dkt. No. 106.) The district court issued its Order on August 19, 2015, dismissing Defendants Corney, Strickland, and Dietrich. (Dkt. No. 108.) An Order staying this case pursuant to *Younger v. Harris*, 401 U.S. 37, 41 (1971), as to all remaining Defendants was filed on July 27, 2015. (Dkt. No. 105.)

While the case was stayed, the Clerk of Court received a phone call on August 31, 2016, from a patient advocate with the Veterans' Administration ("VA"). (Dkt. No. 112.) The patient advocate stated that the Plaintiff was in a VA medical facility and wanted to know the status of

3

his case. (*Id.*)  The patient advocate stated that the Plaintiff's new address was Riverview Health & Rehabilitation, 6711 La Roche Avenue, Savannah, GA 31406 ("the Savannah Address").  (*Id.*) The Clerk of Court mailed the Plaintiff a change of address form to the Savannah Address, but it was never sent back.  The Plaintiff never changed his address from 135 McIntyre Ct., Brunswick, GA 31520 ("the Brunswick Address"). However, out of an abundance of caution, all filings in this case since August 31, 2016, have been sent to the Savannah Address and the Brunswick Address.

On October 19, 2016, this court issued a Text Order that ordered the Plaintiff and Defendants to file status reports on or before November 9, 2016. (Dkt. No. 113.)  The Plaintiff never responded to the Text Order.  The Defendants filed a Status Report on November 9, 2016. (Dkt. No. 116.)  Based on the Defendants' Status Report, this court issued a Text Order lifting the stay on November 29, 2016. (Dkt. No. 117.) The Text Order granted the Defendants leave to file an amended motion to dismiss.

The Defendants filed their Amended Motion to Dismiss on December 16, 2016. (Dkt. No. 121.)  On December 27, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion.  (Dkt. No. 125.)  The *Roseboro* Order instructed the Plaintiff to respond by January 27, 2017. On January 24, 2017, the *Roseboro* Order sent to the Savannah Address was returned as undeliverable to the Clerk of Court. (Dkt. No. 127.)  The returned envelope had a handwritten notation that the Plaintiff was no longer at that address. (*Id.*)

The Plaintiff has not filed anything with this court or otherwise responded to any Order of this court since December 29, 2014.[1] (Dkt. No. 91.) Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff at his last known address.

January 31, 2017

Charleston, South Carolina

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[1] On this date, the Plaintiff submitted a change of address form indicating his address was the Brunswick Address.

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).